IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANTHON HUBBARD, | ) | CASE NO. 1:11CV0282 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| CITY OF CLEVELAND, | ) | AND ORDER |
| | ) | |
| Defendant. | ) | |

Plaintiff *pro se* Anthon Hubbard filed this action under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and the Civil Rights Act of 1964, 42 U.S.C. 2000e *et seq*. against the City of Cleveland. Also before the Court is his Motion to Proceed *In Forma Pauperis*. (Doc. 2).

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).  For the reasons stated below, this action is dismissed pursuant to section 1915(e).

Plaintiff alleges that he became an inmate at the Cleveland House of Corrections on December 22, 2007. When he arrived, he notified the intake and medical staffs that he had "Degenerative Disc Disease" which required multiple medications to relieve chronic pain. However, Plaintiff asserts that medications were denied. Further, he contends that the Defendant, through its employees and/or agents has a policy of failing to provide for the medical needs of

inmates. As a result of Defendant's conduct, Plaintiff requests damages in the amount of $200,000.00.

Even if Plaintiff may have a cause of action under the Eighth Amendment or Due Process Clause of the Fourteenth Amendment, it is apparent on the face of the complaint that the statute of limitations for bringing a § 1983 claim expired before Plaintiff filed this action. Although the statute of limitations is an affirmative defense, a complaint can be dismissed for failure to state a claim if the allegations of the complaint demonstrate that the claim would be barred by the applicable statute of limitations. Ohio's two year statute of limitations for bodily injury applies to § 1983 claims. *LRL Properties v. Portage Metro Housing Authority,* 55 F.3d 1097 (6th Cir.1995). The conduct alleged in the Complaint started on December 22, 2007. Inmates are incarcerated at the Cleveland House of Corrections for misdemeanors with sentences that cannot be more than one year. This action was filed on February 9, 2011, beyond the two year statute of limitations even if he had received a year sentence. There would be no purpose in allowing this matter to go forward in view of the fact that it is clearly time-barred. *See Castillo v. Grogan*, 52 Fed. Appx. 750, 751 (6th Cir. 2002) (district court may *sua sponte* dismiss complaint as time-barred when the defect is obvious); *Alston v. Tennessee Dept. of Corrections,* 2002 WL 123688 * 1 (6th Cir. Jan. 28, 2002) ( "Because the statute of limitations was obvious from the face of the complaint, *sua sponte* dismissal of the complaint was appropriate."); *Fraley v. Ohio Gallia County,* 1998 WL 789385 * 1 (6th Cir., Oct. 30, 1998) (affirming *sua sponte* dismissal of *pro se* § 1983 action filed after two year statute of limitations for bringing such an action had expired); *Hunterson v. Disabato*, 2007 WL 1771315 * 1 (3d Cir. June 20, 2007) (a district court may *sua sponte* dismiss a claim as time-barred where it is apparent from the complaint that the applicable limitations periods has run); *Ali v. Morgan,* 2009

WL 872896 * 3 (E.D. Ky., Mar. 27, 2009) (if a statute of limitations defense clearly appears on the face of a pleading, the district court can raise the issue *sua sponte*)*; Balch v. City of Warren*, 2008 WL 687079 * 1 ((N.D. Ohio, Mar. 10, 2008) (same).

Plaintiff has included Title VII of the Civil Rights Act of 1964 in his Complaint. Title VII provides that "[i]t shall be an unlawful employment practice for an employer ... to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin ... 42 U.S.C. §§ 2000e-2(a)(1)-(a)(2). Plaintiff is not an employee of the City of Cleveland nor has he alleged discrimination based on race, color, religion, sex or national origin. Therefore, Title VII does not apply to this case.

Accordingly, Plaintiff's Motion to Proceed *In Forma Pauperis* is granted. This action is dismissed pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


Dated: March 11, 2011  *s/    James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE